IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

_____
                                    )
MARK FUKUDA,                        )
                                    )
            Plaintiff,              )
                                    )
    v.                              ) Civ. No. 19-00661 ACK-WRP
                                    )
DR. WILLIAM WONG SR.,               )
Individually and d.b.a.             )
HAWAII DERMATOLOGY AND SURGERY,     )
INC.,                               )
                                    )
            Defendants.             )
_____)

### ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Because Plaintiff has failed to plead diversity or federal question jurisdiction, Plaintiff's Complaint is hereby dismissed with leave to amend.

### BACKGROUND

On December 12, 2019, Pro Se Plaintiff Mark Fukuda ("Plaintiff") filed in this Court a complaint (the "Complaint") against Defendants Dr. William Wong Sr. ("Defendant Wong") and Hawaii Dermatology and Surgery ("Defendant Hawaii Dermatology," together with Defendant Wong, "Defendants").

The Complaint alleges that, in August 2018, Plaintiff had scheduled a dermatological surgical procedure to be performed by Defendant Wong at his practice, Defendant Hawaii Dermatology. Compl. ¶ 5. When Plaintiff arrived at Dr. Wong's office for the surgery, Plaintiff was informed that Dr. Wong's

1

physician's assistant, PA Anita Ishaq-Juarez, would be performing the surgery instead. Compl. ¶ 6. Plaintiff alleges that Dr. Wong "abandoned" Plaintiff and his surgery and that the PA did "such a horrible job that the end result was deeper scaring [sic] than was originally there and all of the stitches were not sewn tight enough causing Plaintiff pain and suffering." Compl. ¶¶ 6-7. Plaintiff alleges that Defendant Wong performed follow-up procedures, Compl. ¶¶ 8-10, but that Defendant Wong continued to not show up when Plaintiff had made appointments, Compl. ¶¶ 11-13. The Complaint asserts that Defendant Wong fraudulently billed Plaintiff for procedures in "follow up of his malpractice," and that "Defendant Wong negated or otherwise refused the treatment he promised to do," and made "fraudulent statements" faulting Plaintiff for his injuries rather than the original surgical procedure. Compl. ¶¶ 12-15.

The Complaint alleges five causes of action: (I) fraudulent malpractice, (II) malpractice, (III) fraud, (IV) negligence, and (V) intentional infliction of emotional distress. Compl. ¶¶ 16-20; see also Compl., p. 5, Prayer for Relief.

The Complaint alleges that Plaintiff and Defendant Wong are both residents of Hawai`i and that Defendant Hawaii Dermatology was a "limited liability corporation registered with the Department of Business and Consumer Affairs in Honolulu,

Hawaii . . . ." Compl. ¶¶ 1-3. While the Complaint seeks damages, it does not specify an amount. See Compl., p. 5.

**LEGAL STANDARD**

For a claim to be properly in the United States District Court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332. The Court has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on a court's own motion at any time. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004); Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982). "The court should freely grant leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff does not assert federal question jurisdiction and the Complaint does not appear to plead any federal causes of action.[1/] The Court has diversity jurisdiction in cases involving claims greater than $75,000 and that are either between citizens of different states or citizens of a state and citizens or subjects of a foreign state pursuant to 28

---

[1/] The Complaint appears to reference "RICO," but it is not clear that RICO is an asserted cause of action or whether Plaintiff is referencing a licensing board or some other entity. See Compl., p.5 (prayer for relief seeking "a directive to RICO to revoke or suspend Dr. William Wong Sr.'s license to practice medicine in the State of Hawaii").

3

U.S.C. § 1332(a)(1)-(2).  To show state citizenship for diversity purposes, a party must (1) be a citizen of the United States, and (2) be domiciled in the state.  <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983).  A federal court may not exercise diversity jurisdiction unless there is complete diversity between the opposing parties—that is, unless all plaintiffs are citizens of different states than all defendants.  <u>See</u> <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 553 (2005).

The party asserting diversity jurisdiction bears the burden of proof.  <u>Id.</u>  Therefore, if a plaintiff makes no allegations in the complaint respecting the citizenship of the defendant(s) or the plaintiff(s), the district court cannot properly exercise diversity jurisdiction over the claim.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001) (holding that there was no diversity jurisdiction where plaintiff made allegations of residency but not citizenship). While the party asserting diversity jurisdiction is merely required to allege (not to prove) diversity at the pleading stage, it is nonetheless required to affirmatively allege the citizenship of the relevant parties, and failure to do so can be fatal to an assertion of diversity jurisdiction.  <u>Kanter</u>, 265 F.3d at 857.

**DISCUSSION**

Upon review of the Complaint, the Court finds that subject matter jurisdiction has not been properly asserted. While Plaintiff alleges the residency of himself and Defendant Wong, he does not allege the <u>citizenship</u> of any of the parties. <u>See</u> <u>Kanter</u>, 265 F.3d at 857 (distinguishing between citizenship and residency and noting that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency"). Moreover, the Complaint is not clear as to whether Defendant Hawaii Dermatology an LLC or a corporation or some other entity, which is relevant to determining its citizenship.[2/] Without diversity of citizenship properly alleged, Plaintiff cannot invoke diversity jurisdiction. <u>See</u> <u>Rilling v. Burlington N. R.R. Co.</u>, 909 F.2d 399, 400 (9th Cir. 1990). The Court also notes that, assuming each parties' citizenship is the same as its residence, then all the parties would be citizens of the same state (Hawai`i), and diversity would not exist anyway.

Finally, the Court recognizes that Plaintiff has not alleged any federal causes of action. Accordingly, federal subject matter jurisdiction is unavailable to Plaintiff.

---

[2/] For purposes of diversity jurisdiction, an LLC is a citizen of every state of which its members are citizens. <u>Johnson v. Columbia Props. Anchorage</u>, 437 F.3d 894, 899 (9th Cir. 2006).

5

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is hereby DISMISSED without prejudice. Plaintiff will be granted twenty days from the date this Order is filed to file an amended complaint which must meet the jurisdictional requirements of this Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, December 18, 2019.

_____
Alan C. Kay
Sr. United States District Judge

Fukuda v. Wong, Civ. No. 19-00661 ACK-WRP, Order Dismissing Complaint with Leave to Amend.