IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

|                                      |   |                           |
|--------------------------------------|---|---------------------------|
| MARK FUKUDA,                         ) |                           |
|                                      ) |                           |
|     Plaintiff,   ) |                           |
|                                      ) |                           |
|   v.                       ) | Civ. No. 19-00661 ACK-WRP |
|                                      ) |                           |
| DR. WILLIAM WONG SR.,                ) |                           |
| Individually and d.b.a.              ) |                           |
| HAWAII DERMATOLOGY AND SURGERY,      ) |                           |
| INC.,                                ) |                           |
|                                      ) |                           |
|     Defendants.  ) |                           |

## ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE

Pro Se Plaintiff Mark Fukuda ("Plaintiff") filed his initial Complaint, ECF No. 1, in this action on December 12, 2019, against Defendants Dr. William Wong Sr. ("Defendant Wong") and Hawaii Dermatology and Surgery, Inc. ("Defendant Hawaii Dermatology"). Because Plaintiff failed to plead diversity or federal question jurisdiction, the Court dismissed the Complaint with leave to amend. See ECF No. 6 (the "Dismissal Order"). Plaintiff promptly filed an Amended Complaint, ECF No. 8, on January 3, 2020. The Amended Complaint fails to correct the deficiencies the Court identified in its Dismissal Order.

The Amended Complaint alleges the same facts and the same five causes of action as those alleged in the prior

1

Complaint.[1]  Compare Compl. ¶¶ 16-20, and Am. Compl. ¶¶ 16-20; see also Dismissal Order at 1-3 (summarizing factual allegations).  In response to the Dismissal Order, however, the Amended Complaint makes some slight changes in its discussion of jurisdiction.  In the section labeled "JURISDICTION AND VENUE," the Amended Complaint alleges that the damages sought exceed §75,000 and that "the claims are protected under the Medicare Act under Medicare Fraud," Am. Compl. ¶ 4.  Neither of these changes has the effect of establishing subject matter jurisdiction in federal court.

For a claim to be properly in the United States District Court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332.  The Court has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on a court's own motion at any time.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004); Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982).

First, considering federal question jurisdiction Plaintiff has not alleged any federal causes of action.  The

---

[1] These causes of action include (I) fraudulent malpractice, (II) malpractice, (III) fraud, (IV) negligence, and (V) intentional infliction of emotional distress.  Compare Compl. ¶¶ 16-20, and Am. Compl. ¶¶ 16-20.

only possible suggestion of federal question jurisdiction comes in a vague allegation that the state-law claims somehow arise from the Medicare Act, 42 U.S.C. § 405(g).  Assuming Plaintiff is seeking to invoke jurisdiction on this basis, the Court rejects that theory.  See 28 U.S.C. § 1331 (federal question); 42 U.S.C. § 405(g) (Social Security Act).

For one, Plaintiff provides no factual allegations to support his assertion that his claims arise under the Medicare Act.  "The Supreme Court has identified two circumstances in which a claim 'arises under' the Medicare Act, thus preempting the state-law claims: (1) where the 'standing and the substantive basis for the presentation of the claims' is the Medicare Act . . . ; and (2) where the claims are 'inextricably intertwined' with a claim for Medicare benefits . . . ."  Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1141-42 (9th Cir. 2010) (quoting Heckler v. Ringer, 466 U.S. at 602, 615, 104 S. Ct. 2013, 2022 (1984)) (internal citations omitted).  Plaintiff's claims here are based on Defendant Wong's alleged malpractice and his "fraudulently" billing Plaintiff for the injury-inducing surgical procedure and subsequent care.  These claims plainly do not fall into either of the two categories set forth by the Supreme Court.[2/]

---

[2/] Even if the Amended Complaint supported a reading that the claims arise under the Medicare Act, the Court would lack jurisdiction because it

3

Turning to diversity jurisdiction, Plaintiff has failed to adequately plead subject matter jurisdiction for the same reasons described in the prior Dismissal Order. See Dismissal Order at 5. While Plaintiff added an allegation as to the amount in controversy, he again fails to allege the citizenship of Plaintiff and Defendant Wong.[3/] See Am. Compl. ¶¶ 1-3; see also Dismissal Order at 5 (citing Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001), which distinguished between citizenship and residency and clarified that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency"). Plaintiff appears to be alluding to the idea that all three parties are citizens of the same state (Hawai`i), as he has given no reason to suggest that the parties' citizenship is different from their state of residency. Either way, Plaintiff has again failed to plead diversity of citizenship, without which Plaintiff cannot invoke diversity jurisdiction. See Rilling v. Burlington N. R.R. Co., 909 F.2d 399, 400 (9th Cir. 1990).

---

does not appear that those claims have been exhausted. See Do Sung Uhm, 620 F.3d at 1141 ("Accordingly, we must determine whether any of the Uhms' state law claims 'arises under' the Medicare Act. If so, we cannot exercise subject matter jurisdiction until those claims are properly exhausted.").

[3/] Plaintiff's only change to the Amended Complaint with respect to citizenship appears to be the added allegation that he and Dr. Wong are "United States Citizen[s]." Compare Compl. ¶¶ 1-2 (alleging that Plaintiff and Dr. Wong were residents of Hawai`i), and Am. Compl. ¶¶ 1-2 (alleging that Plaintiff and Dr. Wong are United States citizens and resident of Hawai`i). The Amended Complaint also clarifies that Defendant Hawaii Dermatology is a "Corporation of the United States" registered and located in Hawai`i. Am. Compl. ¶ 3.

4

For these reasons, Plaintiff's Amended Complaint is hereby DISMISSED without prejudice.  In the event Plaintiff wishes to continue pursuing his state-law claims, he should do so by filing a complaint in state court.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, January 9, 2020.



Alan C. Kay
Sr. United States District Judge

Fukuda v. Wong, Civ. No. 19-00661 ACK-WRP, Order Dismissing Amended Complaint without Prejudice.